J-S46045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GEARY T. MYERS, | : | |
| | : | |
| Appellant | : | No. 184 EDA 2015 |

Appeal from the PCRA Order entered on December 2, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0228571-1993

BEFORE: MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED AUGUST 31, 2015**

Geary T. Myers ("Myers") appeals, *pro se*, from the Order dismissing his third Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Following a jury trial, Myers was found guilty of one count of second-degree murder, multiple counts of aggravated assault and robbery, and a variety of weapons-related offenses, arising out of a shooting spree in Philadelphia on November 20, 1992. Myers was sentenced to an aggregate term of life in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Myers's Petition for Allowance of Appeal. ***Commonwealth v. Myers***, 677 A.2d 1266 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 681 A.2d 177 (Pa. 1996).

In 2000, Myers filed his first PCRA Petition. The PCRA court dismissed the Petition, and this Court affirmed the dismissal. **See Commonwealth v. Myers**, 778 A.2d 1246 (Pa. Super. 2001) (unpublished memorandum).

In 2003, Myers filed his second PCRA Petition. The PCRA court dismissed the Petition, and this Court affirmed the dismissal. **See Commonwealth v. Myers**, 864 A.2d 581 (Pa. Super. 2004) (unpublished memorandum).

Myers filed the instant Petition, his third, on July 15, 2010. Myers subsequently filed numerous additional pleadings, including an Amended PCRA Petition referencing the United States Supreme Court's decision in **Miller v. Alabama**, 130 S. Ct. 2455 (2012). The PCRA court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss the PCRA Petition without a hearing. Myers filed a response to the Rule 907 Notice. Thereafter, the PCRA court dismissed the Petition. Myers filed a timely Notice of Appeal.

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Initially, we observe that all PCRA petitions, including second or subsequent petitions, must be filed within one year of the defendant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Myers's judgment of sentence became final on October 1996, after the ninety-day period to file a writ of certiorari with the United States Supreme Court expired. Myers had until October 1997 to file a timely PCRA petition. Since the instant Petition was filed in 2010, the Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition where the defendant can explicitly plead and prove one of three exceptions set forth in the PCRA as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Myers argues that the United States Supreme Court's decision in *Miller* rendered his sentence illegal. Brief for Appellant at 9. The *Miller* Court held that sentencing schemes mandating life-without-parole sentences for juveniles, who committed their crimes while **under the age of eighteen**, violated the Eighth Amendment prohibition on cruel and unusual punishment. *Miller*, 132 S. Ct. at 2460. Myers claims that the *Miller* reasoning should be extended to him, even though he was twenty years old at the time he committed the crimes. Brief for Appellant at 10-14.

In *Miller*, the Supreme Court specifically held that juveniles under the age of eighteen could not be given a mandatory life-without-parole sentence. *Miller*, 132 S. Ct. at 2460. Because Myers was twenty years old at the time he committed the murder, *Miller* does not apply. *See Commonwealth v. Chambers*, 35 A.3d 34, 43 (Pa. Super. 2012) (stating that only a precise creation of a constitutional right can afford relief on a timeliness exception under the PCRA).[1] Moreover, the Pennsylvania

---

[1] Myers argues that the United States Supreme Court's decision in *Graham v. Florida*, 130 S. Ct. 2011 (2010), rendered his sentence illegal. Brief for Appellant at 9. The *Graham* Court held that the imposition of a life-without-parole sentence on a juvenile offender who committed a non-homicide crime violated the Eighth Amendment. *Graham*, 130 S.Ct. at 2017. However, as noted above, Myers was not a juvenile at the time of the crime; thus, *Graham* does not apply.

Supreme Court has held that **Miller** does not apply retroactively to juveniles in Pennsylvania, whose judgments of sentence were final at the time **Miller** was decided. **Commonwealth v. Cunningham**, 81 A.3d 1, 10 (Pa. 2013); **see also Commonwealth v. Seskey**, 86 A.3d 237, 243 (Pa. Super. 2014) (stating that this Court is confined by the **Cunningham** decision).[2] Accordingly, Myers has failed to satisfy the requirements to the exception provided in 42 Pa.C.S.A. § 9545(b)(1)(iii) to overcome the untimeliness of his Petition.

Because the PCRA court decision is supported by the record and free of legal error, its dismissal of the PCRA Petition was proper.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2015

---

[2] The United States Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, 135 S. Ct. 1546 (2015), to determine whether **Miller** applies retroactively. However, until this decision is issued, **Cunningham** remains binding. **See Commonwealth v. Cristina**, 114 A.3d 419, 424 n.1 (Pa. Super. 2015) (Mundy, J., concurring).